UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. SLACK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-02554-NCC |
| MARK T. ESPER,[1] Secretary of the Army, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 17). The Motion is fully briefed and ready for disposition.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 22). For the following reasons, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment will be **GRANTED** and Plaintiff's Complaint will be **DISMISSED, with prejudice**.

### I. Legal Standard

As a preliminary matter, the Court must determine whether to address Defendant's Motion as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. "If matters

---

[1] As the current Secretary of the Army, Mark T. Esper is the proper party defendant. *See* Fed. R. Civ. P. 25(d). As such the Court will dismiss the Department of the Army.

[2] The Court notes that Plaintiff's response to Defendant's Motion was untimely filed and Plaintiff failed to seek leave for his untimely filing or otherwise request an extension of time. *See* E.D. Mo. L.R. 4.01; Fed. R. Civ. P. 6(c), (d). Therefore, the Court could, on that basis alone, grant Defendant's Motion. However, in the interests of justice, the Court will address the merits

outside the pleadings 'are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting Fed. R. Civ. P. 12(d)). In support of his Motion, Defendant provides the Court with several exhibits. While many, if not all, of the documents are either embraced by the pleadings or a matter of public record, in abundance of caution, the Court will treat Defendant's Motion as a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56.

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Benford v. Correctional Medical Services*, No. 1:11CV121 JAR, 2012 WL 3871948, at *4 (E.D. Mo. Sept. 6, 2012) (citing *Celotex Corp.*, 477 U.S. at 331). The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* (citing *Anderson*, 477 U.S. at 249). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (quoting

---

of Defendant's Motion.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)).

## II. Background and Undisputed Facts[3]

On October 10, 2017, *pro se* Plaintiff Robert L. Slack ("Plaintiff") filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, for age discrimination and reprisal (Doc. 1). On or about May 21, 2013, Plaintiff, a former Towboat Operator with the United States Army Corps of Engineers' (the "Agency") Rock Island District, was not selected for the position of Towboat Operator XH-5704-08 (the "Position") (Doc. 1 at 3; Doc. 21-2 at 1). Plaintiff, currently age 73, was eliminated from consideration, and therefore did not receive an interview for the Position, after he failed to respond to an "interest and availability" email in which prior, referred candidates were directed to indicate their continued interest in the Position (Doc. 1 at 3-5; Doc. 21-2 at 1). In June of 2013, the successful candidate declined the Position and a new round of interviews was scheduled (Doc. 21-3 at 7). The Agency used its list of applications from the original job announcements, and Plaintiff received an interview (Doc. 1 at 5; Doc. 21-9 at 1-2). Plaintiff indicates that he was not ultimately hired for the Position (Doc. 1 at 6). Plaintiff also notes that he subsequently retired on January 1, 2016 (*Id.*).

On July 15, 2013, during this process and, in light of his initial nonselection for the Position, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging

---

[3] The facts are taken from Defendant's exhibits to his Memorandum in Support of his Motion (Docs. 21-1 to 21-10). Plaintiff does not object to the admission of these exhibits nor does he rebut Defendant's recitation of the facts (*Compare* Doc. 21 at 4-6 *with* Doc. 23). Indeed, in his Complaint, Plaintiff alleges, albeit without support, many of these same facts. Regardless, the Court may take judicial notice of the various EEOC administrative decisions as they are matters of public record. *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 931 (8th Cir. 2012).

discrimination by the Agency on the basis of age and reprisal for prior protected activity (Doc. 21-3 at 3). On September 24, 2015, the Equal Employment Opportunity Commission ("EEOC") Administrative Law Judge ("ALJ") granted summary judgment in the Agency's favor (Doc. 21-3). Plaintiff appealed to the EEOC Commission and, on July 5, 2017, the Office of Federal Operations affirmed the final agency decision (Doc. 21-4). Plaintiff specifies in his Complaint that the July 2017 ruling is the basis of this civil suit (Doc. 1 at 6). As such, the Court will only address the initial 2013 nonselection for the Position.[4] However, of note, Plaintiff previously filed suit in this Court against the Agency regarding his nonselection for a March 2010 Towboat Operator Position with the Agency. On June 7, 2017, the Honorable Jean C. Hamilton entered judgment in favor of the Agency. Plaintiff's appeal of the Court's decision to the Eighth Circuit Court of Appeals was dismissed on March 13, 2018. *See Robert Slack v. Robert M. Speer*, No. 4:15-cv-01853-JCH, 2017 WL 2462496 (E.D. Mo., June 7, 2017). Defendant now moves to dismiss Plaintiff's Complaint or, in the alternative, for summary judgment (Doc. 17).

### III. Analysis

"The ADEA makes it 'unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1)). To prove his claim under the ADEA, Plaintiff must show by a preponderance of the evidence that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) ("[T]he plaintiff [in

---

[4] The Court emphasizes that this decision only applies to the initial 2013 nonselection for the Position and not to any other potential claims Plaintiff may have properly raised before the EEOC but not yet presented to the Court (i.e., his 2016 retirement).

4

an ADEA case] retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action."). Where, as is the case here, Plaintiff neither alleges nor presents any support for direct evidence of discrimination, the claim is analyzed pursuant to the *McDonnell Douglas* burden-shifting scheme. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of age discrimination. *Id.* In the context of an allegation of discrimination resulting in nonselection, plaintiff establishes a prima facie case of discrimination by showing that (1) he was in the protected age group (over 40); (2) he was qualified for the position; (3) he was not hired; and (4) a younger person was hired. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011); *see also Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012). Similarly, to establish a prima facie case of retaliation or reprisal, plaintiff must establish that (1) he was engaged in statutorily protected activity; (2) he suffered adverse employment action; and (3) a causal connection between the two. *Kneibert v. Thomson Newspapers, Michigan Inc.,* 129 F.3d 444, 454 (8th Cir. 1997).

Once the plaintiff establishes a prima facie case of discrimination, the burden of production then shifts to the employer to "articulate a legitimate nondiscriminatory reason for its employment action." *Tusing*, 639 F.3d at 515 (quotation and citation omitted). If the employer meets its burden, the burden "shifts back to the employee to demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination." *Id.* (quotation and citation omitted). "To survive summary judgment, an employee must both discredit the employer's articulated reason and demonstrate the circumstances permit a

reasonable inference of discriminatory animus." *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 611 (8th Cir. 2014) (quotation and citation omitted).

Even if the Court were to assume Plaintiff met his burden to establish a prima facie case of discrimination, the Court finds that Plaintiff has failed to offer sufficient evidence to raise a genuine issue of material fact regarding whether Defendant's proffered reason for its employment action was merely a pretext for age discrimination or retaliation. Defendant asserts, and Plaintiff does not dispute, that Plaintiff was not initially selected for the Position because he did not respond to the "interest and availability" email. Although Plaintiff argues that the selecting officer somehow tampered with the email, he offers no support for this bare assertion. In fact, the only evidence Plaintiff provides in support of his response to Defendant's Motion relates to his prior claim before this Court. *Eggers v. Wells Fargo Bank, N.A.*, 899 F.3d 629, 635 (8th Cir. 2018) (quoting *Celotex Corp.*, 477 U.S. at 322-23) (a plaintiff is required "to make a showing sufficient to establish the existence of an element essential to his case" because "a complete failure of proof concerning an essential element of his case necessarily renders all other facts immaterial."). Regardless, as admitted by the Plaintiff, he was later interviewed for the Position when the initial selectee declined it and, while he was once more not selected for the Position, this subsequent nonselection is not before the Court at this time.

To the extent Plaintiff seeks to amend his complaint to add a hostile work environment claim, the Court will deny the request. In his response to Defendant's current Motion, Plaintiff requests the Court allow him to amend his complaint to include a hostile work environment claim. Specifically, Plaintiff alleges that "a pattern of obstruction developed as early as January [] 2009[] and continues to the present" (Doc. 23 at 1). In support of his request, Plaintiff appears

to assert that the Government covered up crimes including "perjury, libel, slander, defamation of character, reprisal, collusion, judicial misconduct," and "assures the court that further evidence already exists to support his claim" (*Id.*).  While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15(a)(2), the Eighth Circuit is clear that leave to amend a complaint may be properly denied if such a request would be futile.  *See Stricker v. Union Planters Bank,* 436 F.3d 875, 878 (8th Cir. 2006); *Longie v. Spirit Lake Tribe,* 400 F.3d 589, 589 n.3 (8th Cir. 2005).  Indeed, the Court finds that an amendment in this case would be futile.  "Hostile work environment harassment occurs 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  Nothing alleged by Plaintiff in his response supports a claim for hostile work environment.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Defendant the Department of the Army is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 17) is **GRANTED** and this case is **DISMISSED, with prejudice**.

A separate judgment will accompany this Order.

Dated this 2nd day of October, 2018.

                                          /s/ Noelle C. Collins
                                          NOELLE C. COLLINS
                                          UNITED STATES MAGISTRATE JUDGE