UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. SLACK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-02554-NCC |
| MARK T. ESPER, Secretary of the Army, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *pro se* Motion for Reconsideration (Doc. 27). Defendant opposes the Motion (Doc. 28). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 22). For the following reasons, Plaintiff's *pro se* Motion for Reconsideration (Doc. 27) will be **DENIED.**

## I. Background

On October 10, 2017, *pro se* Plaintiff Robert L. Slack ("Plaintiff") filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, for age discrimination and reprisal (Doc. 1). On or about May 21, 2013, Plaintiff, a former Towboat Operator with the United States Army Corps of Engineers' (the "Agency") Rock Island District, was not selected for the position of Towboat Operator XH-5704-08 (the "Position") (Doc. 1 at 3; Doc. 21-2 at 1). Plaintiff previously filed suit in this Court against the Agency regarding his nonselection for a March 2010 Towboat Operator Position with the Agency. On June 7, 2017, the Honorable Jean C. Hamilton entered judgment in favor of the Agency. Plaintiff's appeal of the Court's decision to the Eighth Circuit Court of Appeals was dismissed on March 13, 2018.

*See Robert Slack v. Robert M. Speer*, No. 4:15-cv-01853-JCH, 2017 WL 2462496 (E.D. Mo., June 7, 2017). On October 2, 2018, the undersigned granted Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment and dismissed the current action with prejudice (Doc. 25)

On November 2, 2018, Plaintiff filed an undated letter that the Court construed as a Motion for Reconsideration of the Court's October 2, 2018 Order dismissing this case (Doc. 27). In his letter, Plaintiff indicates that there were a "large number of internal documents that were kept from me for a period of nearly six years despite being requested in October, 2011" (*Id.* at 1). In support of this claim, Plaintiff purports to provide the Court with his request of these documents dated October 29, 2011 but also directs the Court to his previously filed exhibits to his response in opposition to Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 27 at 1;Doc. 27-3). As exhibits to his response, Plaintiff attached the reference list dated October 13, 2009 indicating the selection of David Heye for a 2009 position, also attached as exhibit A to the current Motion, and Mr. Heye's subsequent email declining the position (Doc. 23-1; Doc. 27-1). Plaintiff also indicates that he has provided the "perjured testimony of management official Robert M. Schoen" for the Court's review and attaches Mr. Shoen's January 27, 2011 declaration regarding Plaintiff's nonselection for the March 2010 position (Doc. 27-2). Of note, Plaintiff repeatedly refers to Judge Hamilton (*See* Doc. 27). Finally, Plaintiff asserts that he was not made aware of Defendant's reply in support of the Motion to Dismiss or, Alternatively, for Summary Judgment and provides a copy of an email, regarding the potential nonreceipt of the reply, sent by defense counsel on October 11, 2018 to Plaintiff apologizing for any potential error, resending the document via email, and indicating that the document would also be resent by mail (Doc. 27 at 1; Doc. 27-3). Plaintiff seeks

2

"reasonable time to prepare a complete reply to the court" and full review of "any and all new evidence" (Doc. 27 at 2). Plaintiff ultimately requests the Court "rescind the dismissal of [his] case, pending the production of supporting documents" (*Id.*).

**III. Analysis**

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence,'" and allow a court to correct its own mistakes in the time immediately following judgment. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. *Id.* Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

Plaintiff has not identified any manifest errors of law or fact nor has he presented any newly discovered evidence warranting reconsideration under Federal Rule of Civil Procedure 59(e). Plaintiff also has failed to establish exceptional circumstances warranting extraordinary relief pursuant to Federal Rule of Civil Procedure 60(b). By his own admission, the evidence he

3

appears to present to the Court was initially uncovered sometime in 2017 (*See* Doc. 27 (indicating that Plaintiff received the discovery in July 2017, that his attorneys received it in February 2017, and that he "never saw it until Judge Hamilton [] ruled" in June 2017). Regardless, upon a complete review of the documents provided by Plaintiff, which do not appear to relate to the 2013 nonselection before the undersigned, the Court finds no reason to alter or amend its prior judgment. To the extent Plaintiff suggests he did not receive Defendant's reply in support of the Motion to Dismiss or, Alternatively, for Summary Judgment, the Court finds this argument unprevailing. First, although defense counsel responded via email and apologized "if there was an error on our end," in the reply brief counsel certified that the document was service sent to Plaintiff both via mail to his home address and via email (*See* Doc. 24 at 5). Nevertheless, Plaintiff would not have been entitled to file a sur-reply without leave of Court.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 27) is **DENIED**.

Dated this 29th day of March, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE